## In re "AGENT ORANGE" PRODUCT LIABILITY LITIGATION.

Dockets 85–6083, 85–6161, 85–6269, 85–6301, 85–6303, 85–6323, 85–6327, 85–6339, 85–6341, 85–6349, 85–6371, 85–6381, 85–6385 and 85–6387.

United States Court of Appeals, Second Circuit.

Argued Jan. 28, 1986.

Decided April 8, 1986.

See also 618 F.Supp. 625.

Edwin R. Matthews, (Budd, Larner, Kent, Gross, Picillo, Rosenbaum, Greenberg & Sade, Short Hills, N.J., of counsel), for Thompson Chemicals Corp.

Robert A. Taylor, Jr., Washington, D.C., Joel Rome, Philadelphia, Pa., William S. Beatty (Law Office of William W. Schooley, Granite City, Ill.), Avram Adler, Philadelphia, Pa., James H. Brannon, Houston, Tex., and Richard L. Steagall, Peoria, Ill., for plaintiffs-appellants.

Before NEWMAN, KEARSE and MINER, Circuit Judges.

MINER, Circuit Judge:

Thompson Chemicals Corporation ("Thompson") moves to dismiss fourteen appeals arising out of the Agent Orange product liability litigation because it was neither named as a defendant nor served with process in the underlying actions. For the reasons set forth below, we grant Thompson's motion as to four of the appeals, and we refer the motion as to the remaining ten appeals to the panel hearing the appeals for disposition.

## I. BACKGROUND

Thompson's involvement in the Agent Orange product liability litigation stems from its joinder as a defendant in *Coffey v. Dow Chemical Co., et al.*, No. 79–0495 (W.D.Ky.1979). That action was filed in the United States District Court for the Western District of Kentucky in September of 1979 and became part of the Multidistrict Litigation ("MDL") in the Eastern District of New York in April of 1980. Without waiving defenses based on allegedly improper service, Thompson answered the complaint in November of 1980. Its answer, however, was limited to the *Coffey*

case, and all MDL counsel and the MDL court were so advised.

On November 24, 1980, Thompson filed a third party complaint against the United States; Thompson again advised the MDL court and all MDL counsel that the third party complaint was limited to the *Coffey* case.

Prior to Thompson's answer, other defendants had moved to dismiss the lead complaint in the MDL action for lack of subject matter jurisdiction. *See In re Agent Orange Product Liability Litigation*, 506 F.Supp. 737, 739–40 (E.D.N.Y. 1979). The district court denied the motion, finding there was a federal question through the application of federal common law. On appeal, we reversed, holding that the district court had erred in concluding that the plaintiffs' claims were governed by federal common law. *In re Agent Orange Product Liability Litigation*, 635 F.2d 987 (2d Cir.1980).

On remand, the district court realized that hundreds of motions would have to be made to amend complaints to allege the existence of subject matter jurisdiction based on diversity of citizenship. To avoid an inundation of paper, Judge Pratt deemed all complaints amended to allege subject matter jurisdiction based on diversity of citizenship and to name only diverse defendants. The district court's order provided as follows:

> Unless a party files in a particular action a notice disclaiming the benefit afforded by the following, all of the pleadings in all cases now or hereafter filed under MDL 381 are deemed amended as follows:
>
> 1. The complaints are deemed amended to allege the residence of the plaintiffs, and to name and allege the residence of each of the defendants whose citizenship is diverse from that of the plaintiff. All plaintiffs are deemed to have joined all diverse defendants in their individual actions.
>
> 2. All defendants are deemed to have answered all complaints brought against them, with general denials plus all affirmative defenses thus far raised in filed answers to any of the Agent Orange MDL cases. All answers are deemed to include crossclaims for indemnification and contribution against all other defendants.
>
> All crossclaims are deemed denied.

*In re Agent Orange Product Liability Litigation*, 506 F.Supp. 762, 786 (E.D.N.Y. 1980). By letter dated February 2, 1981, Thompson "disclaim[ed] the benefit" of Judge Pratt's order and reasserted its position that it was a defendant only in the *Coffey* case. A copy of this letter was served on plaintiffs' lead counsel.

Eleven of the fourteen appeals now sought to be dismissed arise out of actions filed subsequent to Judge Pratt's "deeming order." [1] In none of these actions was Thompson named as a defendant or served with a summons and complaint. Similarly, Thompson was not named in the three remaining cases,[2] although it did serve counsel in those actions with its answer and third party complaint in the *Coffey* case as well as with related correspondence to the court.

During the course of the litigation, Thompson, with the exception of a summary judgment motion made in April of 1983, consistently asserted its position that it was a defendant only in the *Coffey* case. In November of 1983, Thompson informed the district court that it had not been named in, or served with any of, the class action complaints. On December 19, 1983, Chief Judge Weinstein ordered class plaintiffs to name and serve Thompson within thirty days. On January 24, 1984, Thompson moved for dismissal on the basis of failure of service, lack of jurisdiction and improper venue. At a hearing on February 2, 1984, the district court ordered plaintiffs to serve a seventh amended complaint on Thompson to correct the jurisdictional de-

---

**1.** 85–6083, 85–6161, 85–6301, 85–6323, 85–6327, 85–6339, 85–6341, 85–6349, 85–6381, 85–6385, 85–6387.

**2.** 85–6269, 85–6303, 85–6371.

fects of the sixth amended complaint. After service of that complaint and another hearing, the district court denied Thompson's motion without prejudice to renewal at the conclusion of trial.

The class action eventually concluded with a court-approved settlement. Numerous appeals presently are pending in this Court involving the settlement and related matters. On January 13, 1986, Thompson moved this Court for an order dismissing the fourteen appeals on the ground that it was not a defendant in the underlying actions. Plaintiffs-appellants opposed the motion. At oral argument on January 28, 1986, we directed the parties to file a Joint Stipulated Statement of Facts setting forth the actions taken by Thompson in the district court to defend itself on jurisdictional grounds.

## II. DISCUSSION

We note initially that the fourteen appeals sought to be dismissed fall into two categories: ten of the appeals[3] represent cases subsumed by the class action; the remaining four,[4] however, stem from non-class cases—three civilian actions, and one suit involving an opting-out class member.

■ We have no difficulty concluding that with respect to the four non-class cases, Thompson's motion must be granted. There simply is no indication that Thompson ever was named as a defendant or participated in these actions; nor was Thompson named in the final judgments. We are unpersuaded by plaintiffs-appellants' argument that Thompson was made a defendant by Judge Pratt's deeming order of December 29, 1980. As a result of this Court's rejection of the district court's finding of federal question jurisdiction, *In re Agent Orange Product Liability Litigation*, 635 F.2d 987 (2d Cir.1980), Judge Pratt was faced with potentially hundreds of motions to amend complaints to allege jurisdiction based on diversity of citizenship. Judge Pratt's deeming order was

issued simply to avoid an avalanche of paper. Nothing in the order indicates that it was intended to have the sweeping effect of eliminating the notice and service requirements of the Federal Rules of Civil Procedure.

The subsequent conduct of the parties and of the district court also supports the conclusion that the deeming order never was intended to eliminate the requirement of proper service. Eleven of the actions relevant to the instant motion were filed after the issuance of the deeming order. In each case, plaintiffs named and served all defendants except Thompson. Moreover, by twice requiring the class plaintiffs to serve Thompson with amended complaints, the district court clearly indicated its understanding that the deeming order was not a substitute for the requirement of proper service.

■ We likewise reject plaintiffs-appellants' second argument, that Thompson waived its jurisdiction defense by participating in the MDL action. In motions, correspondence to the court, and statements made on the record at hearings and depositions, Thompson consistently asserted its position that it had been served only in the *Coffey* case and was not a defendant in any other action. Although Thompson's 1983 summary judgment motion did not specify that it was being made only in the *Coffey* case, neither did it purport to be made in any other MDL case. Thompson's silence on this single motion, when viewed in light of its consistent assertion over several years that it was a defendant only in the *Coffey* case, cannot be construed as a waiver.

The remaining ten appeals appear to be part and parcel of the class action appeals, to which Thompson clearly is a party. It would seem, therefore, that the motion to dismiss these appeals is without foundation. However, because all the necessary information respecting the ten cases has

**3.** 85–6083; 85–6301; 85–6303; 85–6323; 85–6327; 85–6349; 85–6371; 85–6381; 85–6385; 85–6387.

**4.** 85–6161; 85–6269; 85–6339; 85–6341.

not been made available to us, we deem it appropriate to defer decision on the motion as to all cases implicated in the class action for consideration by the panel hearing the appeals.

### III. CONCLUSION

Accordingly, the motion is granted in part, and the appeals in the four non-class cases are dismissed as to Thompson; disposition of the balance of the motion is referred to the panel hearing the appeals.